IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06CV754-WC |
| | ) | |
| TWO THOUSAND NINE HUNDRED | ) | |
| THIRTY FIVE ($2,935) DOLLARS IN | ) | |
| UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## UNIFORM SCHEDULING ORDER

Based on a scheduling conference with Mr. John Harmon, counsel for Plaintiff, and Mr. John I. Cottle, III, counsel for Defendant, it is ORDERED that:

**SECTION 1.**  A pretrial hearing of this case is scheduled for 24 August 2007 at 10:30 a.m. in Courtroom 5A,  The Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street,  Montgomery, Alabama, and this cause is set for trial during the term of court commencing on 2 October 2007, in Montgomery, Alabama.

**SECTION 2.**  Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than **15 June 2007**.  A brief and all supporting evidence shall be filed with any such motion.  In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document.  Failure to make such specific reference will result in the evidence not being considered by the court.

**SECTION 3.** On or before **25 May 2007**, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations.  If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement.  On or before 1 June 2007, counsel for plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation."  This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial.  Information about mediation is attached to this order.

**SECTION 4.**  Any motions to amend the pleadings and to add parties shall be filed on or before 16 April 2007.

**SECTION 5.**  Any motion for class certification shall be filed on or before 1 May 2007.  A brief discussing the factors enumerated in Rule 23(a) and (b) of the Federal Rules of Civil Procedure shall be filed with any such motion.

**SECTION 6.**  The failure to file a response to any motion -- either dispositive or non-dispositive -- within the time allowed by the court shall indicate that there is no opposition to the motion.

**SECTION 7.**  All discovery shall be completed on or before 23 April 2007 except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 9 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses.

**SECTION 8.**  The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff(s) -- on or before 8 February 2007.

From the defendant(s) -- on or before 12 March 2007.

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

**SECTION 9.  GENERAL PROVISIONS**:

(A)  All briefs on any matter before the court must be formal in format and filed with the court.  The court does not accept "letter briefs" or "letter reports."

(B)  A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion.  A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met.  Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(C) Any proposed order that a party desires the court to enter should be submitted to the court

in <u>both</u> (a) an Adobe Acrobat PDF format attachment to the motion <u>and</u> (b) by transmitting an electronic copy of the proposed pretrial order to the court as an attachment to an email <u>message sent to</u> <propord_capel@almd.uscourts.gov>.  For these purposes, the electronic copy should be in WordPerfect or Word format and not in Adobe Acrobat PDF format.

**SECTION 10.**  On or before 3 August 2007, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises.  The witness list should include the names of any witnesses required to be disclosed under Paragraph 8.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

**SECTION 11.**  On or before 10 August 2007, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition or other document that a party expects to use at trial.  Adverse parties shall within **ONE WEEK THEREAFTER** identify any responsive parts of depositions expected to be used, and a party shall within **THREE DAYS** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment.  Except to the extent written objections are served and filed on or before , 2001, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

**SECTION 12.**  On or before 17 September 2007, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment.  <u>Except to the extent written objections are served and filed no later than 24 September 2007, the evidence shall be deemed genuine and admissible in evidence.  The written objections shall set forth the grounds and legal authorities.  All trial exhibits must be premarked prior to trial.</u>

**SECTION 13:**  <u>***If a jury trial***</u>:  The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, **ON OR BEFORE TWO WEEKS PRIOR TO THE TRIAL DATE UNLESS SAID TIME IS SHORTENED BY THE COURT ON MOTION OF EITHER PARTY.**  Trial counsel are **DIRECTED** to review the jury questionnaire used in this court and to avoid any duplication of

3

matters addressed therein in their voir dire questions.  The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.

       **SECTION 14.**  In cases involving jury trials, the term **TRIAL DATE** as used in the foregoing deadlines shall mean the date set for jury selection.

       **SECTION 15**.  If any party has an objection to these deadlines, the party should inform the Court within **14** days from the date of this Order; otherwise, the Court will assume that the deadlines are agreeable to all parties.  Unless this Order be modified by subsequent Order of the Court, the provisions hereinabove set out are binding on the parties.

       DONE this 29th day of January 2007

                          /s/ Wallace Capel, Jr.
                          WALLACE CAPEL, JR.
                          UNITED STATES MAGISTRATE JUDGE

4

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
_____ DIVISION

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CIVIL ACTION NO. _____ |
|  | ) |  |
| Defendants. | ) |  |

## ***ORDER ON PRETRIAL HEARING***

This cause coming on to be heard on a regular pretrial hearing on _____, and all

parties being present in person or by counsel, the following action was thereupon taken:

1.    <u>PARTIES AND TRIAL COUNSEL:</u>


<u>COUNSEL APPEARING AT PRETRIAL HEARING</u>: (same as trial counsel or

indicate if different)




2.    <u>JURISDICTION AND VENUE:</u>



3.    PLEADINGS: The following pleadings and amendments were allowed:




**Sections 4 and 5 of the pretrial order are the most important because they focus
specifically on the claims and defenses of the parties, and thus provide the framework for the**

court's preliminary and final instructions to the jury.  The format for these sections is very specific and must be followed.  Failure to complete these sections in the form prescribed will result in the court's rejection of the proposed pretrial order.

4.    **PLAINTIFF(S)' CLAIMS**: [in this section, the plaintiff should specifically state the claims which are to be presented to the trier of fact and provide the court with the statutory basis for each claim and a brief statement of the facts in support of the claim.  Where the basis of the claim is non-statutory, the plaintiff should provide the court with the citation of a case setting forth the elements of the claim as well as a brief statement in support of the claim.]  Each claim should be separately listed.

5.    **DEFENDANT(S)' DEFENSES**: [in this section, the defendant should specifically state the affirmative defenses which are to be presented to the trier of fact and a brief statement of the facts which support those defenses.  Where the defense presented is a factual defense, the defendant shall address each of the plaintiff's claims and set forth a brief factual statement of the defense to those claims.]  Each defense should be separately listed.

6. It is ORDERED by this court that all of the above-named allowances and agreements be, and the same are hereby, binding upon all parties in the above-styled cause unless this Order be hereafter modified by Order of the court.

The plaintiff shall insure that the original of the proposed pretrial order is received by the court NOT LATER THAN FIVE BUSINESS days prior to the pretrial conference by either delivery of the order to chambers or by transmitting an electronic copy of the proposed pretrial order to the court as an attachment to an email message sent to propord_capel@almd.uscourts.gov. For this purpose, the electronic copy should be in WordPerfect or Word format and not in Adobe Acrobat PDF format.

DONE this _____ day of _____, 200___.


WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

# IN THE DISTRICT COURT OF THE UNITED STATES
# MIDDLE DISTRICT OF ALABAMA

### PROGRAM OF VOLUNTARY MEDIATION

This court has established a program of voluntary mediation to assist litigants in resolving their disputes prior to trial. The court stresses that <u>mediation is completely voluntary and confidential</u>. The court strictly enforces the confidentiality of mediation.

The court encourages litigants to consider the salutary benefits of resolving at an early stage their dispute through voluntary mediation. Mediation is a process of confidential negotiation through which parties may often achieve results which could not be gained through submission of their case to a jury. Successful mediation saves the substantial time and expense involved with a trial. Successful mediation allows parties to alleviate the risk of trial and, at the same time, permits the parties to play an active role in the final decision about their case. The mediation process generally involves a joint meeting with all parties and counsel to discuss the case and each side's position. After this meeting the mediator will meet with each side individually for a full discussion of that side's case. Throughout the process the goal of the mediator is to assist the parties in negotiating a settlement. Often the mediator will provide to the parties a frank, honest opinion about the strengths and weaknesses of their case. Often an objective viewpoint assists parties in making good decisions about settlement.

The scheduling order entered in this case requires that not less than 14 days after the date for filing dispositive motions, counsel for the parties shall personally meet and attempt to reach settlement of the case. If counsel in good faith cannot reach settlement, counsel are also required to consider whether mediation will assist the parties in resolving this case. Within five days after this conference counsel are to notify the trial judge in writing whether they have settled the case and, if not, whether they believe mediation will assist the parties in resolving the case. Upon such notification, the trial judge may assign a mediator to schedule a mediation conference. However, a judge of this court may assign a mediator at any time.

Except in extraordinary circumstances the mediator will be a judicial officer. Under the existing internal operating understandings of this court, a nonjudicial mediator will not be assigned to a case without the knowledge and concurrence of the parties.

The court also encourages parties to consider settlement negotiations and mediation well before the time when a settlement conference is required. <u>At any time while a case is pending</u>, the parties may seek assistance in settling their dispute through mediation.

8

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
_____ DIVISION

| | |
|---|---|
| , | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| , *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER

---

**This order has been modified.  Please read the bold paragraphs carefully.
The court  will not consider any submissions which fail
to comply with the requirements of this order.**

---

The Scheduling Order entered on this date includes a deadline for filing dispositive motions.  Any motion to dismiss or motion for summary judgment is due on or before the date reflected in the order.  The schedule for submissions is set forth in this order.  **Absent a showing of exceptional circumstances, the dispositive motion deadline and the briefing deadlines will not be extended.**  The Uniform Scheduling Order provides adequate time for discovery, and the court will not automatically deem a party's failure to conduct needed discovery or the schedules of counsel to be valid bases for extending the dispositive motion deadline or briefing schedule.

Accordingly, it is ORDERED that:

1.     The movant shall file its brief and evidentiary submissions simultaneously with the filing of the dispositive motion.

2.     The opponent's brief and responsive submission shall be filed not later than 21 days thereafter.

3.     The movant's reply brief, if any, shall be filed not later than seven (7) calendar days after the date on which the opponent's responsive submission was due.  The movant may not include any new evidentiary material with the reply brief without a written Notice of Intent, justification for the addenda, and leave of the court.  The motion shall be deemed submitted on the date upon which a reply brief is due, and the court will thereafter determine the motion without oral argument.[1]

4.     The parties are DIRECTED to file their submissions with the Clerk of the court, and shall submit a copy of the submissions to the court in chambers.   The materials submitted to the court in chambers shall include precisely the same materials and only the same materials which were filed with the Clerk.   Any party who files depositions or deposition excerpts shall include travel transcripts with an index, if available.

5.     **All briefs in support of and in opposition to a motion for summary judgment shall include a statement of facts divided into two parts: Uncontested Facts and Contested Facts.  Before the filing of a motion for summary judgment, the parties shall confer and agree upon the facts which are uncontested; those facts shall be**

---

[1]If the court determines that a hearing is necessary or helpful, a date will be set for the hearing.

**identical in each party's brief.  The court will rely upon the parties' representations in its determination of whether there is a genuine issue of material fact.**

6.    All briefs in support of and in opposition to the motion shall be accompanied by an appendix which includes the evidence upon which the parties rely.

7.    All briefs in support of or in opposition to the motion must also be accompanied by an appendix which contains copies of all statutes, regulations, case law, notes, articles, and legislative history cited in the brief.  If a treatise is cited in the brief, the excerpt relied upon in the brief must be included in the appendix unless the excerpt is quoted in full in the brief.

8.    Any discussion of evidence in a brief must include the specific reference, by page and line, to the location of the evidence in the supporting evidentiary appendix or in a court pleading or other filing (complaint, answer, brief, etc.).

9.    Failure to comply strictly with this order will result in denial of the motion, disregard of the response or reply, or appropriate sanctions.

DONE this _____ day of _____, _____.


WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE